Davis, Judge,
dissenting in part:
I agree with the court (though with less hesitation) that plaintiff is not entitled to return of the deposit it laid down on its bid for parcel 2;[1] but I cannot concur in the denial to the defendant of any recovery On its counterclaim with respect to that parcel. Now that we are rectifying our error in lumping parcel 2 with parcel 8, we should not stop short of correcting all the consequences of that error. The court rightly holds, on reconsideration, that the transaction on parcel 2 was separate from that on parcel 8 (which was about 2,000 feet away); as to the former, the plaintiff cannot claim that it was misled by inaccuracies in some of the material, supplied by the defendant since it had in its possession, before it bid, the full and correct data reflected on the sales maps furnished by the Government (see finding 15). Plaintiff’s negligent failure to consult these sales maps deprives it not only of a recovery on the ground of misrepresentation but also of all excuse for its refusal to complete the purchase on parcel 2 (Flippin Materials Co. v. United States, ante, p. 357, 312 F. 2d 408 (1963)). I see no adequate ground for cutting off the compensation properly, due the defendant for that-breach. The court suggests that the discrepancy between plaintiff’s bid on parcel 2 ($50,000) and the price at which the land was later sold ($24,675) indicates that plaintiff inflated its bid on parcel 2 because *582 o;f: the .defendant’s unexcused misrepresentation on parcel 8. In .my view, however, the record affirmatively, shows that a large- part oí the inflated value plaintiff gave to parcel 2 cime; rather, from its mistaken notion that that tract fronted on-Middle River Road — the very mistake plaintiff could have cured if it had looked at the sales map supplied by the Government-. - Plaintiff’s own real estate expert-testified'that parcel 2 would have been worth about $2,000 an acre if it had fronted on Middle River Road, but only $1,500 an acre without such frontage (finding'48).- Since the parcel contained 24. acres,. plaintiff probably increased its -bid by approximately $12,000 (24X$500) on account of its-own' mistake. Insteád of depriving the defendant of all recovery on .its. counterclaim, I would charge the plaintiff with this $12,000 — as the part of its bid which was due to the error-for which it, not the defendant, was responsible — and assume (.with the. court) that the rest of plaintiff’s inflated bid on parcel .2 was tied to the defendant’s misinformation on parcél 8. I would therefore deduct $12,000 from the recovery formerly allowed to plaintiff and grant it judgment only for $4,615.00. .

 Plaintiff submitted three bids on three separate parcels; the defendant rejected one of the three bids and accepted the other two. The conditions of sale permitted separate bids. Plaintiff’s officer, Mr. Colvin, testified flatly that he submitted the three bids on an individual basis, and was willing to accept an award of any or all of any portion of any individual parcel. He also testified that plaintiff had no fixed plan to develop parcels 2 and 8 together; if sales went well that would be done, but “if the sales are slow" plaintiff would develop only the larger tract (parcel 8).